**Gregory J. McMASTER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 93–1063.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1993.

Decided Nov. 8, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied Dec. 22, 1993.

**48**

Heidi H. Crissey, Minneapolis, MN, argued, for appellant.

Joseph T. Walbran, Minneapolis, MN, argued, for appellee.

Before BOWMAN, Circuit Judge, LAY, and CAMPBELL,* Senior Circuit Judges.

PER CURIAM.

In 1978, appellant Gregory J. McMaster pled guilty to the first-degree murder of a police officer in Minnesota. He was sentenced to life imprisonment and has been serving that sentence in the Minnesota prison system.

In 1978 and 1979, McMaster was charged in Canada with having committed three first-degree murders there prior to his arrest for the murder of the police officer in Minnesota.

---

Canada initially requested McMaster's extradition in 1979, and protracted discussions and negotiations ensued between the United States and Canada. In 1992, Canada submitted an updated extradition request, and later that year, in a proceeding initiated by the United States, a Magistrate Judge [1] conducted an extradition hearing, determined the pertinent facts, and certified McMaster's extradition to Canada.

McMaster sought review of the extradition order by means of a federal habeas corpus proceeding under 28 U.S.C. § 2241. The matter was referred to the Magistrate Judge, who issued a report recommending that habeas relief be denied. The District Court,[2] after *de novo* review of the record, adopted the Magistrate Judge's report and recommendation and denied McMaster's application for a writ of habeas corpus. The court also denied McMaster's motion for production of documents. McMaster, who subsequently has been surrendered to Canadian authorities,[3] appeals the District Court's rulings.[4]

For reversal, McMaster argues that he could have been extradited as early as 1983 and that the United States violated his Fifth Amendment due process rights by refusing to facilitate his extradition at that time. He relies on *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977), in which the Supreme Court recognized that "the Due Process Clause has a limited role to play in protecting against oppressive [preindictment] delay."

McMaster would have us extend the principles of *Lovasco* to the situation here, in which the United States has not sought to prosecute McMaster, but to extradite him. We do not believe that *Lovasco* can properly be so extended. *See In re Burt,* 737 F.2d

---

\* The HONORABLE LEVIN H. CAMPBELL, Senior United States Circuit Judge for the United States Court of Appeals, First Circuit, sitting by designation.

1. The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota.

2. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

3. The extradition thus already has taken place and McMaster is in Canada, where he awaits disposition of the murder charges lodged against him in that country.

4. More than a week after oral argument and submission of the case to the panel, McMaster filed a motion to supplement the record. The motion is denied. We note that the material in question is of only marginal relevance and would not affect our decision.

1477, 1486 (7th Cir.1984) (concluding that in the extradition context there is no due process right analogous to the due process right articulated by *Lovasco* in the context of criminal prosecutions by the government). Like the *Burt*, court, "[W]e do not believe that the government necessarily acts unfairly when as extraditer it makes decisions responsive to diplomatic concerns that may secondarily affect the accused's ability to respond to criminal charges brought by a foreign state." *Id.*

> *Burt* concludes, and so do we, that
>
> Generally, so long as the United States has not breached a specific promise to an accused regarding his or her extradition and bases its extradition decisions on diplomatic considerations without regard to such constitutionally impermissible factors as race, color, sex, national origin, religion, or political beliefs, and in accordance with such other exceptional constitutional limitations as may exist because of particularly attrocious [sic] procedures or punishments employed by the foreign jurisdiction, those decisions will not be disturbed.

*Id.*, at 1487 (citations and footnote omitted).

 Here, McMaster has not alleged any breach of promise by the government,[5] and he has not shown any conduct by the United States that would contravene the constitutional limitations on extraditions suggested by the above-quoted language from *Burt.* The District Court adopted the Magistrate Judge's findings that the government engaged in extended diplomatic negotiations concerning McMaster's extradition and that such negotiations were based on diplomatic considerations as memorialized in the extradition treaty between Canada and the United States. Those findings are well supported by the record and are not clearly erroneous. *See* Fed.R.Civ.P. 52(a). In these circumstances, McMaster's claim for habeas relief must fail.

McMaster also argues that the District Court abused its discretion in denying his *ex parte* motion for the production of certain prison files which, according to McMaster, contain his request for a speedy trial on the charges lodged against him in Canada. As the District Court noted, the motion was a belated one, and McMaster proffered the court no reason for the delay. And as the court further noted, McMaster's request for a speedy trial, if in fact he made such a request, relates to the Canadian proceedings. Canada is attempting to prosecute McMaster for crimes he allegedly committed in that country, and it is in the courts of Canada that McMaster will have to raise his arguments concerning prosecutorial delay. We are satisfied the District Court acted well within its discretion in denying this motion.

The orders of the District Court denying McMaster's application for a writ of habeas corpus and denying his motion for production of documents are affirmed.

---

5. *Query* whether a claim based on breach of a promise by the government regarding the petitioner's extradition is cognizable in a habeas proceeding under 28 U.S.C. § 2241. The posture of this case makes it unnecessary for us to consider this question.